# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**RICHARD B. "RICK" SPINNENWEBER,
and CHRIS SPINNENWEBER,**

      **Plaintiffs,**

**vs.**                           **Case No. 4:18cv515-RH/CAS**

**HON. MAC MCNEIL, et al.,**

      **Defendants.**

_____/

## O R D E R

Plaintiffs, who are pro se, have filed a complaint against six persons. ECF No. 1.  Plaintiffs paid the filing fee at the time of case initiation and the complaint has been reviewed to determine if it sufficiently states a claim against all named Defendants.  Because the complaint does not sufficiently state a claim, Plaintiffs must file an amended complaint no later than **December 14, 2018**.

First, the complaint provides factual allegations concerning the actions of Deputy Williams.  ECF No. 1 at 4.  There are no facts alleged against Defendants Matthews, Knecht, or McNeil which indicate what those

Defendants did, or failed to do, which caused Plaintiffs harm.  Moreover, although the complaint alleges that "the Roysdons" reported their truck stolen and contact the Jefferson County Sheriff's Office, the complaint does not sufficiently allege that Jennifer Roysdon or Jay Roysdon did so.

Second, the complaint asserts a claim for an unlawful search and seizure, *see* ECF No. 1 at 5, but the factual allegations do not clearly articulate *which* Defendant is responsible for that alleged constitutional violation.  Because a Defendant cannot be held liable for the actions of other persons in a civil rights lawsuit, Plaintiffs must provide facts which demonstrate which named Defendant is responsible for conducting an unlawful search and seizure.  Plaintiffs must also allege the specific actions or omissions which support that claim.

Third, Plaintiffs assert a claim for "deliberate indifference" against the Sheriff of Jefferson County, but there are no facts presented which support that claim.  If Plaintiffs contend the Sheriff is responsible for policies or procedures which were followed and which caused them harm, Plaintiffs must identify those policies and assert facts which show which Defendant followed a policy that caused harm.  To be clear, Plaintiffs must

demonstrate a causal connection between the Sheriff and how a specific policy or procedure caused injury to Plaintiffs.

Plaintiffs also assert a state law claim for negligence, but there are no facts set forth which support that claim.  Plaintiffs must clarify the basis for that claim and identify the Defendant responsible.  As alleged, Plaintiffs contend the Sheriff is liable for negligence, but there are no facts which show how the Sheriff was negligent.

For every claim asserted, Plaintiffs must ensure that the amended complaint contains facts which support that claim; making conclusory allegations is not sufficient.  Plaintiffs are advised that Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "Rule 8(a)(2)'s purpose is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007) (quotation marks and alterations omitted) (quoted in Lacroix v. W. Dist. of Kentucky, No. 14-15276, 2015 WL 5673018, at *1 (11th Cir. Sept. 28, 2015)).  "Further, the allegations in the complaint 'must be simple, concise, and direct,' FED. R. CIV. P. 8(d)(a), and the complaint must 'state its claims .

. . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' FED. R. CIV. P. 10(b)." Lacroix, 2015 WL 5673018, at *2.  Taken together, Rules 8(a) and 8(d) underscore the importance of brevity and clarity.  Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.  Thus, Plaintiffs must submit an amended complaint which clears states what each named Defendant did, or failed to do.

Plaintiffs should carefully review the foregoing to determine whether they can present allegations sufficient to state a cause of action and proceed with this case.  If Plaintiffs desire to proceed, they must file an amended complaint in which they name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiffs must state factual allegations for each named Defendant.  If Plaintiff cannot provide a statement of facts for a specific Defendant, then that person should be omitted from the amended complaint.

The Clerk of Court shall provide Plaintiffs with a complaint form to use in submitting an "Amended Complaint."  The amended complaint must

contain all of Plaintiffs' allegations, and relevant facts, and claims.  An

amended complaint completely replaces all previous complaints and claims

not raised in the amended complaint are deemed abandoned.  N.D. Fla.

Loc. R. 15.1.  The amended complaint filed with the Court must contain

Plaintiffs' original signature, but Plaintiffs shall also keep an identical copy

of the amended complaint for themselves.

Accordingly, it is

**ORDERED:**

1.  The Clerk of Court shall forward to Plaintiffs a § 1983 complaint

form so that Plaintiffs can file an amended complaint as explained above.

2.  Plaintiffs have until **December 14, 2018**, to file an amended civil

rights complaint, which shall be typed or clearly written and submitted on

court forms.[1]

3.  **Failure to comply with this Court Order may result in a**

**recommendation of dismissal of this action.**

---

[1]  The Local Rules of this Court require pro se litigants to file a civil rights complaint on an approved form which is provided "without charge from the Clerk" of this Court.  N.D. Fla. Loc. R. 5.7(A).  "A case is a civil rights case if it asserts a claim under the United States Constitution of a statute creating individual rights, including, for example, 42 U.S.C. § 1983 or the Civil Rights Act of 1964."  *Id.*  "The Court need not - and ordinarily will not - consider a petition, motion, or complaint that is not filed on the proper form."  *Id.*

Case No. 4:18cv515-RH/CAS

4.  The Clerk of Court shall return this file upon receipt of Plaintiffs'

amended complaint or no later than December 14, 2018.

**DONE AND ORDERED** on November 13, 2018.


**S/     Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**