# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RICHARD B. SPINNENWEBER,**
**and CHRIS SPINNENWEBER,**

    Plaintiffs,

vs.                                             Case No. 4:18cv515-RH/CAS

**BILL BULLOCK, et al.,**

    Defendants.

_____/

## O R D E R

    Plaintiffs, who are proceeding pro se, have filed an amended civil rights complaint against four persons.  ECF No. 1.  The amended complaint has been reviewed to determine if it sufficiently states a claim against all named Defendants.  Because it does not, Plaintiffs are required to file a second amended complaint no later than **February 28, 2019**.

    The only factual allegation presented against Deputy Bill Bullock is that Plaintiff Richard ("Rick") Spinnenweber spoke with him on the telephone to ask questions, presumably, about "two white SUV's with black tinted windows" that came onto Plaintiffs' property.  ECF No. 6 at 8.

Deputy Bullock said that he did not "like being talked down to." *Id.* That telephone conversation is an insufficient basis for a civil rights claim against Defendant Bullock. Accordingly, Plaintiffs shall omit listing that Defendant in the second amended complaint.

Similarly, Plaintiffs have not provided a factual basis to state a claim against Defendant Williams either. The only specific factual allegation presented against Detective Williams is that he came to Plaintiffs' front desk with a guest and ultimately directed the "guest to pay [the] fee." *Id.* at 8-9. The guest complied and the vehicle was removed. *Id.* at 9. That action was not unconstitutional and, presumably, was to Plaintiffs' benefit.

The only other assertion made as to Detective Williams[1] was that he "used a material omission to get his probable cause affidavit." *Id.* at 10. Plaintiffs state that he did not mention that he "was instrumental in Spinnenweber's guest's final transaction." *Id.* at 10. Without more, that assertion is also insufficient. Plaintiffs have not clearly indicated whether there were, or were not, otherwise sufficient facts alleged in the affidavit to

---

[1] Plaintiffs allege that Detective Williams previously had dealings with Plaintiffs when they evicted a tenant. ECF No. 6 at 11. That event, however, is unrelated and fails to provide a basis for a civil rights actions against Detective Williams.

establish probable cause.[2]  Without such facts, a claim for false arrest is insufficient.  If Plaintiffs have a basis to assert a claim against Defendant Williams, they must clearly do so in the second amended complaint.

Plaintiffs have alleged that Defendants Bradley and Wilcox arrested them, although Plaintiffs do not state when they were arrested.  ECF No. 6 at 9.  They allege that force was used against Dick Spinnenweber, who is not a Plaintiff in this case, but there are no other facts alleged which reveal how either Defendant violated the constitutional rights of the two named Plaintiffs.  Asserting that Defendants Bradley and Wilcox drove the Plaintiffs to the sheriff's office is not a sufficient basis for a claim against those persons.

Plaintiffs allege claims under the Fourth Amendment for abuse of process, false arrest, and malicious prosecution.  ECF No. 6 at 13.  In the

---

[2]  "Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." United States v. Gonzalez, 969 F.2d 999, 1002 (11th Cir. 1992) (quoted in Fox v. Graff, 276 F. App'x 936, 938 (11th Cir. 2008)).  "An arrest made with probable cause is an absolute bar to a § 1983 false arrest claim." Fox, 276 F. App'x at 938 (11th Cir. 2008) (citing Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996)).  "[T]he Constitution prohibits a police officer from knowingly making false statements in an arrest affidavit about the probable cause for an arrest in order to detain a citizen . . . if such false statements were necessary to the probable cause." Jones v. Cannon, 174 F.3d 1271, 1285 (11th Cir. 1999) (quoted in 276 F. App'x at 939).

second amended complaint, Plaintiffs must clearly allege facts which support each of those claims.

Plaintiffs should be aware that a malicious prosecution claim brought under § 1983 must allege the following six elements:

> (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.

Fox v. Graff, 276 F. App'x 936, 939 (11th Cir. 2008) (citing Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004)). Here, Plaintiffs have alleged facts showing that a judicial proceeding was commenced, then terminated in their favor. They have not alleged facts which support the remaining four elements, nor have they clearly indicated which of the named Defendants "was the legal cause of" the proceeding. Plaintiffs must do so to properly state a claim.

Additionally, Plaintiffs should more clearly explain their claim for "abuse of process." ECF No. 6 at 13. Because Plaintiffs' complaint is premised on the fact that they were arrested, such a claim should proceed

Case No. 4:18cv515-RH/CAS

under the Fourth Amendment.  Jordan v. Mosley, 298 F. App'x 803, 806 (11th Cir. 2008) (stating that "even if abuse of process could be a cognizable tort under section 1983, proper analysis would be under the Fourth Amendment.").  In this respect, however, "abuse of process" is redundant because Plaintiffs also allege claims for false arrest and malicious prosecution.  See ECF No. 6 at 13.  It would appear that Plaintiffs should proceed solely on the malicious prosecution and false arrest claims, assuming they can support them by alleging the necessary facts.

Plaintiffs should carefully review the foregoing to determine whether they can present allegations sufficient to state a cause of action and proceed with this case.  If Plaintiffs desire to proceed, they must file a second amended complaint in which they name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiffs must state factual allegations for each named Defendant.  If Plaintiff cannot provide a statement of facts for a specific Defendant, then that person should be omitted from the amended complaint.

The Clerk of Court shall provide Plaintiffs with a complaint form to use in submitting a "Second Amended Complaint." The second amended complaint must contain all of Plaintiffs' factual allegations and claims. An amended complaint completely replaces all previous complaints and claims not raised in the second amended complaint are deemed abandoned. N.D. Fla. Loc. R. 15.1. The second amended complaint filed with the Court must contain Plaintiffs' original signature, but Plaintiffs shall also keep an identical copy of the second amended complaint for themselves. Plaintiffs have until **February 28, 2019**, to file the second amended complaint.

Accordingly, it is

**ORDERED:**

1. The Clerk of Court shall forward to Plaintiffs a § 1983 complaint form so that Plaintiffs can file the second amended complaint as directed.

2. Plaintiffs have until **February 28, 2019**, to file the second amended civil rights complaint, which shall be typed or clearly written and submitted on the court form provided to them.

3. **Failure to comply with this Court Order may result in a recommendation of dismissal of this action.**

Case No. 4:18cv515-RH/CAS

4. The Clerk of Court shall return this file upon receipt of Plaintiffs' second amended complaint or no later than February 28, 2019.

**DONE AND ORDERED** on January 25, 2019.

<u>S/    Charles A. Stampelos</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**